### No. 321
### MITCHELL v. INDEPENDENT TIRE CO.
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1247.  Decided Nov. 5, 1924.

997.  REAL ESTATE—Bought subsequent to the passing of an assessment ordinance but prior to the certification thereto by County Auditor, makes grantor of the land liable for such taxes.

BY THE COURT.

This action was brought in the Franklin Common Pleas wherein the Independent Tire Co. sought to recover the amount of a sewer assessment, the ordinance for imposing which was passed in June, 1920, but was not certified by the County Auditor until Feb. 1921. The contract of purchase was executed Oct. 15, 1920, wherein Mitchell was "to pay all taxes to and including Dec. 1920 half yearly payment. Tire Co. to assume all falling due and payable thereafter." A warranty deed was executed Oct. 2, 1920, in which Mitchell covenanted that the title was clear, except taxes and special assessments due and payable June, 1920 and thereafter.

The Common Pleas held Mitchell liable, the judgment was affirmed by the Court of Appeals.

Attorneys—Westfall & Hunter, for Mitchell; Gumble & Gumble, for Tire Co.; all of Columbus.

---

### No. 322
### WEGMAN v. WEGMAN et
Ohio Appeals, 6th Dist., Wood Co.
No. 340.  Decided March 9, 1925.

997.  REAL ESTATE.—1. Life estate with limitation over in fee to devisees, on their arrival to a certain age, classed as an immediate vesture in fee, subject to a life estate. 2. Income of property in intervening years belongs to holders in fee, or devisees.

RICHARDS, J.

John Wegman brought action in the Wood Common Pleas to recover the income from certain real estate, extending over a long period of years. The petition was met by demurrer which was sustained and Wegman, not desiring to plead further, the petition was dismissed. The right of John Wegman to recover depended upon the construction of the will of Clamor Wegman, executed in 1897. In one item he disposed of a certain tract of

land to his wife for life, and in two subsequent items devised the tract to his two grandsons, one-half to each, upon their reaching the age of 25. The wife died in 1900 and Alfred Wegman, one of the grandsons reached 25 years in 1919, and the controversy in this case revolves around the question:  who is entitled to the income of the land from the death of Mrs. Wegman up to the date Alfred Wegman became 25 years of age?  The Common Pleas decided in favor of the grandsons.

Error was prosecuted and John Wegman contended that Clamor Wegman died intestate as to this real estate for the time in controversy and that therefore the income of the real estate which accrued during this time belongs to the heirs.  Harmon, the executor, and Alfred Wegman declared that the title to this land passed at once to the grandsons, subject to the life estate of their grandmother.

The Court of Appeals held:

1. The grandsons took an immediate estate in fee simple, subject to the life estate of their grandmother and subject also to the provision that they should not come into the absolute control until they arrive at 25 years of age.

2. Under this construction the income of the land, after the death of the grandmother, would belong to the grandsons and John Wegman would be entitled to no part thereof. Judgment in the lower court affirmed.

Attorneys—Thomas H. Bierly, Toledo, for John Wegman; John S. Hoyman and Frank A. Baldwin, Bowling Green, for Wegman et.